NATHAN CLAFLIN, et al., Appellants, v. ARNOLD CLAFLIN, et al.

**Evidence.** A finding that a deed to two of the grantor's sons was not void for mental incapacity or undue influence, is sustained by evidence that he made a substantially similar disposition of his property by a will previously executed when his mental competency was unquestioned, and that he repeatedly stated that he intended to give the land to them, and that they had lived with him for many years.

*Appeal from Hamilton District Court.*—HON. B. P. BIRDSALL, Judge.

THURSDAY, MAY 20, 1897.

ACTION to set aside a deed of conveyance of land. Decree for defendants, and the plaintiffs appealed.—*Affirmed.*

*D. C. Chase* for appellants.

*Hyatt & Hyatt* for appellees.

GRANGER, J.—John Claflin died the first of October, 1892, his wife having died some six months before. At the time of his death he was about eighty-three years of age. On the fifth of July, 1892, he made to the defendants, Arnold and Ed. Claflin, his sons, a deed of all his real estate, consisting of about eighty-one acres. The consideration for the conveyance was the agreement of Arnold and Ed. to support him during his life, including the expenses of his last sickness and burial. By the terms of the deed the grantor reserved the possession of the land during his lifetime. The plaintiffs are a son and two daughters of John Claflin, who ask that the deed be set aside because the grantor, at the time of making the deed, was of unsound mind, and incapable of making such a conveyance; and also because of undue influence used by the defendants to obtain the deed. Much of the testimony relied on by appellants must be disregarded, because incompetent under Code, section 3639. Viewing the case in the light of competent evidence only, there is little to support either the claim of incompetency or undue influence. It seems to us that the most reliable evidence in the case shows Mr. Claflin, at the time the deed was made, to have been a man competent to dispose of his property by deed or testamentary act. The testimony of those who were with him most, and knew him best, including most of the evidence of a disinterested character, established that fact. This is supplemented by the fact that the disposition of the property, as made, was in accord with a long-settled purpose. In 1887, at a time when no one could regard him as incompetent to make such a disposition of property, he executed a will, by which he essentially made the same disposition of all his property. At that time his wife was living and he gave it all to her, for her use and benefit, with a right of disposition during his life, with a provision that all that should remain at her death should go to his sons, Arnold and Ed. Claflin. After the death of his wife, he made the conveyance in question. It is a strong showing of a well-settled purpose, long entertained, as between his children, to give his property to these two sons This conclusion is strengthened by repeated statements that he intended to give the property to them. It is true that there is evidence of his having said that he intended to treat his children alike, but his acts, and his statements to others of his purpose, in accord with what he did, far outweigh any showing of a contrary intent. Besides these facts, it appears that Arnold had lived with him for many years,—some twenty-five. He has never been married, and is fifty-four years old. It is not too much to say that he appeared to have cast his lot at home with his parents. Ed. had lived at home some five or six years before the deed was made, and his father had often said he intended to give his property to the two boys. It is quite evident that the father thought the boys had done much toward acquiring the property. While the evidence is in conflict, we are agreed as to the conclusion, and the judgment will stand AFFIRMED.